IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02893-BNB

ANTHONY T. KINNEY,

    Applicant,

v.

RICK RAEMISCH, Executive Director CDOC,
E. DIGGINS, Denver Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) filed on October 31, 2014, in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response. Respondents may not file a dispositive motion as the Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits

all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Finally, the Court notes that Applicant lists Rick Raemisch, Executive Director CDOC, and E. Diggins, Denver Sheriff as Respondents in the caption of the Application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Although E. Diggins is properly named because Applicant is challenging the execution of his state sentence, the Court has included for purposes of a response the Attorney General of the State of Colorado. If the state attorney general, Rick Raemisch, or E. Diggins is not an appropriate Respondent, the state attorney general should advise the Court who is the proper Respondent and move for a substitution of party.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the**

3

**Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Preliminary Response.

Dated:  November 6, 2014

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge

Case 1:14-cv-02893-LTB   Document 13   Filed 11/06/14   USDC Colorado   Page 3 of 3