IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02893-GPG

ANTHONY T. KINNEY,

    Applicant,

v.

RICK RAEMISCH, Executive Director CDOC,
E. DIGGINS, Denver Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Anthony T. Kinney, has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) challenging the execution of his state sentence and his detention at the Denver County Jail.  On November 6, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action.  On November 25, 2014, Respondents Rick Raemisch and The Attorney General of the State of Colorado, through their counsel, filed a Preliminary Response (ECF No. 19) arguing that the action should be dismissed for failure to exhaust state court remedies.[1]  On December 4, 2014, Mr. Kinney filed a document titled "Preliminary Response" (ECF No. 21) in reply to Respondents'

---

[1] On November 28, 2104, Respondent E. Diggins filed, through his counsel, a "Joinder in Preliminary Response of the State Respondents to Application for Writ of Habeas Corpus" (ECF No. 20).

Preliminary Response.

The Court must construe the amended Application and other papers filed by Mr. Kinney liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

Mr. Kinney asserts two claims in the amended Application. In claim one, he contends that the Department of Corrections failed to apply 15 days of good time for every 10 days of earned time that he received. He alleges that due to the failure to apply these credits, he is being illegally incarcerated because his sentence would be discharged. Mr. Kinney also asserts a due process claim contending that the failure to apply good time credits resulted in delay of his parole board hearings and a longer period of incarceration. As relief, Mr. Kinney asks that the good and earned time credits he should have received be applied against his remaining parole term.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1989). A federal court may only grant habeas corpus relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c). Federal courts do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law. *See, e.g., Smith v. Phillips,* 455 U.S. 209, 211 (1982). Review of habeas corpus actions under § 2241 is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law. *See* 28 U.S.C. §

2243; *Watts v. Hadden,* 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd* 651 F.2d 1354 (10th Cir. 1981).

Mr. Kinney may not pursue his claims in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune,* 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

     Mr. Kinney alleges in the amended Application that he has exhausted state remedies by grieving the issue and trying to file a civil suit in the Denver County District Court. In his Reply, Mr. Kinney further alleges that he has followed the administrative grievance process. He also admits that he recently filed a complaint pursuant to Rule 106 of the Colorado Rule of Civil Procedure in the state courts "to cover all grounds." According to the documentation provided by Respondents, Mr. Kinney has filed three Rule 106 complaints alleging that he has not been awarded either good time or earned time to which he believed he was entitled, including El Paso County Case No. 14cv168, El Paso County Case No. 14cv457, and El Paso County Case No. 14cv461. Case No. 14cv168 was dismissed and the other two cases are currently pending. In his Reply, Mr. Kinney argues that exhaustion is not a statutory or jurisdictional requirement for habeas petitions filed under § 2241. (*See* ECF No. 21 at 1-3.)

     The Court is not persuaded that Mr. Kinney has satisfied his burden of showing he has exhausted state remedies. He fails to demonstrate that he has fairly presented his claims to the Colorado Supreme Court or that no adequate state remedies are available. Furthermore, the documentation provided by Respondents with their

Preliminary Response indicates that Mr. Kinney has not fairly presented any of his claims in this action to the Colorado Court of Appeals and the Colorado Supreme Court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 9) is denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   16th   day of   January  , 2015.

BY THE COURT,

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court